RECEIVED
OCT 2 4 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| RONALD BELL | CIVIL ACTION NO. 05-1188 |
| VS. | SECTION P |
| BURL CAIN, WARDEN | MAGISTRATE JUDGE METHVIN |

## REASONS FOR JUDGMENT AND JUDGMENT

Before the court is the petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner Ronald Bell on June 14, 2005.[1] Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary where he is serving concurrent hard labor sentences imposed following his convictions for attempted armed robbery and aggravated battery in Louisiana's Fifteenth Judicial District Court, Lafayette Parish.

This matter has been referred to the undersigned for all purposes, including entry of final judgment, pursuant to the provisions of 28 U.S.C. §636(c). On October 5, 2005 petitioner indicated his consent to the assignment.

## STATEMENT OF THE CASE

The petition, its accompanying memorandum, and the published jurisprudence of the State of Louisiana establish the following relevant facts:

1. On or about May 22, 2003, petitioner was convicted of attempted armed robbery and

---

[1] The "mailbox rule" provides that a prisoner's federal pleadings should be considered to have been filed as of the date the pleadings were presented to the prison authorities for mailing. See *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Plaintiff signed his pleadings on June 14, 2005. Therefore, the court assumes that this was the date that the petitioner presented his pleadings to the authorities for mailing.

aggravated battery following trial by jury in the Fifteenth Judicial District Court, Lafayette Parish, Louisiana. On an unspecified date he was sentenced to serve concurrent twenty and ten year sentences. [Doc. 1-5, pp. 9-10][2]

2. Petitioner apparently did not timely appeal; however, on some unspecified date he filed an application for post-conviction relief seeking an out-of-time appeal. As a result, on some unspecified date his right to appeal was reinstated and appellate counsel was appointed to represent him. [Doc. 1-5, p. 10; Doc. 1-1, p. 6, paragraph 15(e)] Appellate counsel argued two Assignments of Error – (1) "Whether ... an inculpatory statement made by petitioner was freely and voluntarily made without influence of fear, duress, or intimidation..." and, (2) "Whether petitioner's ... right to due process and a fair trial was violated when the state court held that petitioner was competent to assist counsel..." [Doc. 1-5, p. 10]

Petitioner submitted a *pro se* appeal brief arguing two supplemental assignments of error both of which alleged the violation of petitioner's right against self-incrimination. [*id.*, pp. 10-11]

3. On November 5, 2003, petitioner's judgment of conviction and sentence were affirmed in an unpublished opinion of the Third Circuit Court of Appeals. See *State v. Ronald Bell*, 2003-00737 (La. App. 3d Cir. 11/5/2003), 857 So.2d 41(unpublished).

4. On some unspecified date thereafter petitioner applied for a writ of *certiorari* and/or review in Louisiana's Supreme Court. On April 30, 2004, his application for writs was denied. See *State v. Bell*, 2004-0024 (La. 4/30/2004), 872 So.2d 472. On some unspecified date petitioner filed an application for reconsideration. That was denied on September 3, 2004. *State*

---

[2] But see, Doc. 1-1, p. 1 at paragraph 3. Petitioner there claimed to have been sentenced to serve 45 years at hard labor.

*ex rel. Ronald Bell v. State*, 2004-24 (La. 9/3/2004), 882 So.2d 592.

5. As shown above, petitioner signed his *habeas corpus* petition on June 14, 2005. For the purposes of this report, that date is considered the date of filing.

## LAW AND ANALYSIS

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson*, 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) now provides a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[3] The tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas*, 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999). Thus, in order to do an accurate timeliness analysis under §2244(d)(1)(A), three dates are generally necessary: (1) the

---

[3] Petitioner does not suggest that the period of limitation should be reckoned from any other event as provided in subsections (B), (C), or (D) of §2244(d)(1).


date upon which the judgment of conviction and sentence became final; (2) the date(s) upon which an application for post-conviction or other collateral relief was properly filed; and, (3) the date upon which the application for post-conviction or other collateral relief ceased to be properly filed. Petitioner has not provided all of these dates, but the pleadings and published jurisprudence provide sufficient information to reach the conclusion that petitioner's habeas petition is time-barred.

Petitioner was convicted on May 22, 2003. [Doc. 1-1, paragraph 2] While the date of sentencing is unspecified, petitioner did admit that he did not file a timely appeal of his conviction and sentence and therefore was required to seek reinstatement of his lapsed appeal rights by way of an application for post-conviction relief. [See Doc. 1-5, p. 10, "An application for post-conviction relief requesting an out of time appeal was filed, which was granted."]

For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], thirty days (more or less) following sentencing.[4] See *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003) (if defendant stops the appeal process before entry of judgment by court of last resort, the conviction becomes final when the time for seeking further direct review in the state court expires.)

---

[4] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days. That provision became effective sometime in August, 2003. As stated above, petitioner has not specified the date of sentencing and so it is impossible to determine which time period applied to petitioner's case. In any event, the exact date of finality is unimportant for the purposes of this analysis since the relevant fact, that petitioner did not timely appeal, is inferred by the pleadings.

Under 28 U.S.C. § 2244(d)(1) petitioner therefore had one year from the date upon which his judgment of conviction became final due to his failure to timely file a motion for appeal.

On an unspecified date petitioner filed an Application for Post-Conviction Relief seeking an out-of-time appeal. His request was granted on some unspecified date and therefore, petitioner was able to toll the limitations period throughout the time that his appeal remained properly filed and pending.

Petitioner may suggest that when a Louisiana court grants an out-of-time appeal, the *habeas* petitioner's AEDPA clock is restarted as of the date upon which the out-of-time appeal process has concluded. Stated another way, it could be argued that the petitioner's conviction did not become "final" until the conclusion of the out-of-time appeal process, and, since the one-year limitations period codified at § 2244(d) commenced on "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...", petitioner should be afforded a full year reckoned from the date that the out-of-time appeal process concluded within which to file his petition.

However, the Fifth Circuit has had occasion to address the issue of "finality" in this context and has concluded that such an argument is without merit. In *Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004), *certiorari denied*, 541 U.S. 1032, 124 S.Ct. 2099, 158 L.Ed.2d 714 (2004) the court examined the effects of an out-of-time appeal on the AEDPA's timeliness provisions.

Salinas was convicted of murder and sentenced to life imprisonment in a Texas court. Like Louisiana, Texas provides for an appeal of right to an intermediate court of appeals and thereafter, the opportunity to seek discretionary review in Texas' court of last resort, the Court of Criminal Appeals. Salinas's conviction was affirmed by the intermediate court of appeals on

July 20, 2000. However, his attorney failed to apply for discretionary review in the Court of Criminal Appeals within the thirty day time period provided by law.

Under Texas law, discretionary review by the Court of Criminal Appeals is considered to be part of the direct review process. The process ends either when discretionary review is denied or when the time for filing the petition for review lapses. Thus, Salinas's judgment of conviction became final in August, 2000, when he failed to timely file his petition for discretionary review. Under the timeliness provisions of the AEDPA, he had one year, or until August, 2001 to file for federal *habeas* relief. Sometime during the summer of 2001, Salinas filed a state *habeas* application which, under § 2244(d)(2), tolled the limitations period during its pendency. His state *habeas* ceased to be "pending" in March, 2002 when the Court of Criminal Appeals denied relief. At that point, Salinas had only eighteen days remaining of the one-year AEDPA limitations period. Unfortunately, he failed to file his federal *habeas* until late April and it was therefore dismissed as time-barred by the United States District Court in November, 2002.

Meanwhile, and unbeknownst to the District Court, the Texas Court of Criminal Appeals had, in October, 2002, reconsidered Salinas's state *habeas* petition and granted him the right to file an out-of-time petition for discretionary review *sua sponte*.[5] On appeal, Salinas argued that (1) when Texas' high court granted him the right to file an out-of-time petition for discretionary review, it restored him to the position he was in when he first had the right to seek discretionary review; and, (2) since he still had the right to file for discretionary review, he should be

---

[5] As noted by the Fifth Circuit, quoting the Texas' Court's order, "The effect of this was to 'return [Salinas] to the point at which he can file a petition for discretionary review .... For the purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the Court of Appeals' decision had been rendered on the day the mandate of the Court of Criminal Appeals issues.' *Ex Parte Salinas*, No. 74,462 at 2 (Tex. Crim. App. 2002). Thus, under state law, Salinas was restored to the position of a recently convicted felon, eligible to pursue a form of direct review in the Court of Criminal Appeals." *Salinas v. Dretke*, 354 F.3d at 428.

considered to be in the midst of the direct review process; and, (3) therefore, the AEDPA statute of limitations could not have lapsed because the period could begin only on the conclusion of direct review. Or, as this argument was summarized by the Fifth Circuit, "Thus, Salinas argues, his conviction was 'de- finalized,' and the statute of limitations – though legitimately initiated in August 2000 – should be deemed to have begun again with the rejection of the PDR in January 2003." *Id.* at 429.

The Fifth Circuit rejected Salinas's argument:

> "<u>On its face, AEDPA provides for only a linear limitations period, one that starts and ends on specific dates, with only the possibility that tolling will expand the period in between</u>. See § 2244(d)(1), (2). So long as the petitioner is being held pursuant to the same state court judgment, <u>nothing in AEDPA allows for a properly initiated limitations period to be terminated altogether by collateral state court action. Rather, the statutory framework only provides for the tolling of limitations during the pendency of state collateral review</u>. See § 2244(d)(2).
>
> Thus, the issue is not whether the Court of Criminal Appeals' action revitalized Salinas's limitations period, but rather whether the existence of that potential relief prevents the limitations period from starting to run until after that level of appeal has been denied. That is to say, we need to determine whether, in Texas, the mechanism by which Salinas obtained the right to file an 'out-of-time' PDR is part of the direct or collateral review process. If that relief comes as a result of direct review, there would be no basis for limitations even to begin running until the Court of Criminal Appeals has finalized the judgment by declining to grant relief on that level of appeal. If, on the other hand, an 'out-of-time' PDR is awarded only as a result of the collateral review process, limitations is tolled merely while the petitioner seeks to obtain that relief." *Id.* at 429-430 (emphasis supplied)

Thereafter, the Fifth Circuit analyzed Texas law and concluded that the Court of Criminal Appeals was authorized to grant Salinas his out-of-time petition only through the collateral

review process of the Texas *habeas* statute.

Thus, the court concluded,

> "As a result, when a petitioner convicted in the Texas system acquires the right to file an 'out-of-time' PDR, the relief tolls AEDPA's statute of limitations until the date on which the Court of Criminal Appeals declines to grant further relief, but it does not require a federal court to restart the running of AEDPA's limitations period altogether.... Therefore, because Salinas's right to file the 'out-of-time' PDR is necessarily the product of state habeas review, it does not arise under the 'direct review' procedures of the Texas judicial system. Accordingly, the Court of Criminal Appeals' granting of Salinas's writ does not alter the fact that limitations set forth in 28 U.S.C. § 2244(d)(1)(A), properly began to run on August 21, 2000, and fully lapsed on March 31, 2002. " *Id.* at 430-431.

This reasoning is applicable to the case at bar. In Louisiana the only mechanism which can be employed to reinstate lapsed appeal rights and thus grant an out-of-time appeal is the Application for Post-Conviction Relief. See *State v. Counterman*, 475 So.2d 336 (1985). In *Counterman*, the Louisiana Supreme Court held:

> "La.C.Cr.P. Art. 915 requires the court to order an appeal when a motion for appeal is made in conformity with Articles 912, 914 and 914.1. <u>However, when a defendant fails to make a motion for appeal within the time provided in Article 914, he loses the right to obtain an appeal by simply filing a motion for appeal in the trial court. This is not because the trial court has been divested of jurisdiction, as was held in *State v. Braxton*, 428 So.2d 1153 (La.App. 3rd Cir.1983), but because the conviction and sentence became final when the defendant failed to appeal timely.</u>
>
> <u>After the time for appealing has elapsed, the conviction and sentence are no longer subject to review under the ordinary appellate process, unless the defendant obtains the reinstatement of his right to appeal.</u>" *State v. Counterman*, 475 So.2d at 338. (emphasis supplied)

And, concluded the Court, "...<u>the appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal</u>, after the delay provided in Article 914 has expired, is an <u>application for post conviction relief</u> pursuant to Articles 924-930.7." *Id.* at 339. (emphasis supplied.)

In this case, petitioner's out-of-time appeal could only be granted after he asserted that right through Louisiana's collateral review process, the Application for Post-Conviction Relief. He, like Mr. Salinas, was not thereby entitled to have his conviction "de-finalized."

The collateral review process, started with the filing of petitioner's Application for Post-Conviction Relief seeking an out-of-time appeal; it proceeded through his out-of-time appeal before the Third Circuit, and concluded when the Louisiana Supreme Court denied his writ application on April 30, 2004. See *State v. Ronald Bell*, 2004-0024 (La. 4/30/2004), 872 So.2d 472. The fact that petitioner applied for and was subsequently denied reconsideration[6] is of no moment. Louisiana Supreme Court Rule IX, § 6 provides: "An application for rehearing <u>will not be considered</u> when the court has merely granted or denied an application for a writ of *certiorari* or a remedial or other supervisory writ..." [See also *State v. Sanders*, 337 So.2d 1131, 1135 (La. 1976), "Because rehearings are not available from the denial of a writ application, we may not consider the rehearing application."] Furthermore, La. C.Cr.P. art. 922(D) provides, "If an application for a writ of review is timely filed with the Supreme Court, <u>the judgment of the appellate court from which the writ of review is sought becomes final when the Supreme Court denies the writ</u>." (Emphasis supplied)

---

[6] As noted above, the published jurisprudence reflects that petitioner filed an application for reconsideration following the Supreme Court's writ denial; reconsideration was denied on September 3, 2004. See *State ex rel. Ronald Bell v. State*, 2004-24 (La. 9/3/2004), 882 So.2d 592.

In other words, petitioner's AEDPA limitations period commenced either five or thirty days following sentencing when he failed to timely move for an appeal. He was able to toll the limitations period during the time that his out-of-time appeal process was pending. However, for the reasons stated above, petitioner's post-conviction process ceased to be "properly filed" or "pending" on April 30, 2004 when the Supreme Court denied writs, and not on September 3, 2004 when the Supreme Court denied reconsideration.[7]

Petitioner did not file his federal *habeas* petition until June 14, 2005. By that time a period in excess of thirteen un-tolled months had elapsed since the Supreme Court's writ denial on April 30, 2004. In short, petitioner's habeas claims are clearly time-barred and dismissal on that basis is recommended.

Petitioner is also unable to rely upon the doctrine of equitable tolling because his pleadings fail to present any "rare and exceptional circumstances" warranting the application of the equitable tolling doctrine. See *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998); see

---

[7] See also *Scott v. Cain*, 2002 WL 1484385 at *2 (E.D.La. 2002) at fn. 17, "Although the United States Fifth Circuit Court of Appeal has not directly addressed the issue of when the Louisiana Supreme Court's denial of an application for state post-conviction relief is considered "final" for the purpose of calculating a tolling period in a federal habeas corpus proceeding, it appears that the general practice is to consider a writ denial final as of the date of the denial. See *Melancon v. Kaylo*, 259 F.3d 401, 404 (5th Cir.2001) (tolling period ended on February 5, 1999, the date of the writ denial); *Hall v. Cain*, 216 F.3d 518, 520 (5th Cir.2000) (post-conviction application ceased to be pending on November 22, 1996, the date of the writ denial); *Chester v. Cain*, 2001 WL 1231660, at *4 (E.D.La. Oct.15, 2001) (tolling period ended on January 12, 2001, the date of the writ denial); *Walker v. Cain*, 2001 WL 1005943, at *2 (E.D.La. Aug.30, 2001) (tolling period ended on October 27, 2000, the date of the writ denial). This would appear to comport with the rules of the Louisiana Supreme Court which, while generally allowing fourteen days for filing for a rehearing, indicate that a rehearing application "will not be considered when the court has merely granted or denied an application for a writ of certiorari or a remedial or other supervisory writ." La. Sup.Ct. Rules, Rule IX, §§ 1, 6..."

Further, petitioner cannot rely upon the provisions of United States Supreme Court Rule 13 as interpreted by *Ott v. Johnson*, 192 F.3d 510 (5th Cir.1999) and progeny. Those cases hold that a state court judgment is not final under §2244(d)(1)(A) for *habeas* purposes until the 90 day period for filing a writ of *certiorari* to the United States Supreme Court has expired. This holding applies to cases on direct review since §2244(d)(1)(A) provides for the reckoning of the limitations period from the date which represents the "expiration of the time for seeking [direct] review..." It does not apply so as to add an additional 90 day period following the denial of certiorari in a case on collateral review since the tolling provision of §2244(d)(2) applies only so long as collateral review is "pending."

also *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000), *reh'g* granted in part, 223 F.3d 797 (5th Cir.2000); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999).

Equitable tolling should only be applied if the applicant diligently pursues § 2254 relief. *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir.2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000); *Coleman v. Thompson*, 184 F.3d 398, 403 (1999), *cert. denied* 120 S.Ct. 2564 (2000). The circumstances of the instant case are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman*, 184 F.3d at 402 (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996). A "'garden variety claim of excusable neglect'" does not support equitable tolling. *Id.*

Petitioner's petition for writ of *habeas corpus* is barred by the provisions of §2244(d)(1)(A) and dismissal on that basis is appropriate.

**ACCORDINGLY,**

**IT IS ORDERED** that this petition for *habeas corpus* be, and it is hereby **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 24 day of October, 2005.

Mildred E. Methvin
United States Magistrate Judge
United States District Court
800 Lafayette St., Suite 3500
Lafayette, LA 70501